HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WANDA ELENE-ARP and CHARLES C-MILLER,<br><br>              Plaintiffs,<br>    v.<br><br>FEDERAL HOME FINANCE AGENCY, et al.,<br><br>              Defendants. | CASE NO. C12-2154 RAJ<br><br>ORDER |

This matter comes before the court on motions to dismiss by Federal National Mortgage Association ("FNMA") and ReconTrust Company N.A. ("RTC") (Dkt. # 15) and by Federal Housing Finance Agency ("FHFA") (Dkt. # 17).[1] Defendants FHFA, Tracy Frazier, Rochelle Stanford, and Jonathon Baner join in the motion filed by FNMA

---

[1] With respect to FHFA's motion, even if the court found that FNMA was authorized to litigate actions in its own name, and that FHFA is not an indispensable party under Rule 19, the court would still have to determine whether plaintiffs have alleged sufficient facts to survive a 12(b)(6) motion to dismiss. Accordingly, the court has only addressed the arguments in FNMA and RTC's motion.

ORDER- 1

1  and RTC.[2]  Dkt. # 17 at 8:17; # 22, # 25.  Plaintiffs Wanda Elene-Arp and Charles Miller,
2  who are proceeding *pro se*, have not responded to the substantive arguments raised by
3  defendants.  Instead, plaintiffs filed an objection to removal, reservation of jurisdictional
4  challenge, and demand for remand.  Dkt. # 23.  Plaintiffs have not filed a motion for
5  remand, and the court has disregarded any argument not related to defendants' motion.[3]

6  Plaintiffs' complaint is largely devoid of factual allegations.  From what the court
7  can understand of plaintiffs' complaint and the documents subject to judicial notice or
8  referenced in the complaint,[4] plaintiffs allege the following:

9  (1) Elene-Arp purchased a house in January 2000, and became the statutory
10 warranty deed holder, subject to a promissory note and deed of trust.[5]  Dkt. # 2-1 ¶14.a.
11 The deed of trust identifies Fidelity National Title as the trustee and Alliance Mortgage,
12 Inc. as the beneficiary. Dkt. # 4-2 at 20 (Annex 4 to Compl.).

13 (2) Elene-Arp has recorded a purported cancellation of the legal relationship
14 founding the alleged mortgage transaction for fraud.  *Id.* ¶ 14.e.

15 (3) After Elene-Arp's purported cancellation, RTC purported to send her non-
16 judicial papers asserting an interest in her property.  *Id.*¶ 14.f.

17 (4) Elene-Arp again filed a purported cancellation with the King County
18 Recorder's records.  *Id.* ¶ 14.g.

19 (5) Elene-Arp is the only signor on any obligation document on the record. *Id.* ¶
20 14.j.

---

22  [2] Since all parties join in the motion filed by FNMA and RTC, the court will refer to defendants collectively.
23  [3] The court notes that even if it considered the objection as a motion for remand, defendants have demonstrated that jurisdiction is proper.
24  [4] On a Rule 12(b)(6) motion, the court may consider documents that are referenced in the
25  complaint, form the basis of plaintiffs' claim or are subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).  Here, these documents include the statutory
26  warranty deed, the deed of trust, assignments of the deed of trust, appointment of successor trustee, notice of trustee's sale, and various publicly recorded documents by Elene-Arp.
27  [5] Neither party has provided the court with a copy of the Note.

(6) RTC never had the legal authority to foreclose because Elene-Arp cancelled the deed of trust prior to any action by the Trustee. *Id.* ¶ 38.

(7) The trustee's sale offered an item for sale that the trustee had no legal or equitable right to sell. *Id.* ¶ 42.c.

(8) After the origination and alleged funding of the alleged loan, it was sold to investors as a mortgage-backed security on a pooling and/or security agreement. *Id.* ¶ 49.a.

(9) FNMA, as the foreclosing defendant, is unable to show that it is either the true owner of the deed of trust or the promissory note. *Id.* ¶ 49.b.

(10) None of the defendants are beneficiaries or bona fide representatives of beneficiaries because they do not have the original note supporting that they are parties authorized to foreclose. *Id.* ¶ 49.c.

(11) Elene-Arp's property was sold in 2011 pursuant to a trustee's sale. *Id.* ¶ 40.

Based on these allegations, and a number of other conclusory allegations, plaintiffs allege six causes of action in their complaint:  (1) Quiet Title, (2) Set Aside Trustee's Sale, (3) Void or Cancel Assignment of Deed of Trust, (4) Unjust Enrichment, (5) Wrongful Foreclosure, and (6) Violation of the Consumer Protection Act ("CPA").

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This court holds the pleadings of *pro se* complainants to less stringent standards than those of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, every complainant must demonstrate some claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). If the court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**A. Washington Deeds of Trust Act ("DTA")**

The DTA regulates mortgage transactions in which a lender issuing a promissory note or other debt instrument to a borrower can secure the debt via a deed of trust. *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 38 (Wash. 2012) (en banc). The borrower becomes the grantor of the deed of trust and the lender becomes the beneficiary of the deed of trust. *Id.* A trustee holds title to the property in trust for the lender. *Id.* If the borrower defaults on the loan, the trustee "may usually foreclose the deed of trust and sell the property without judicial supervision." *Id.* Because the DTA "dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor." *Albice v. Premier Mortgage Servs., Inc.*, 276 P.3d 1277, 1281 (Wash. 2012) (en banc). Among the statutory protections requiring strict compliance are the "requisites to a trustee's sale" enumerated at RCW § 61.24.030. *Albice*, 276 P.3d at 1281, 1282 ("Without statutory authority, any action taken is invalid."); *see also Schroeder v. Excelsior Mgmt. Group, LLC*, 297 P.3d 677, 686 (Wash. Feb. 28, 2013) (en

banc). Trustees must also strictly comply with the sale procedures itemized at RCW § 61.24.040. *Albice*, 276 P.3d at 1282.

Defendants argue that plaintiffs' state law claims are all waived by their failure to move to enjoin the foreclosure sale. Dkt. # 15 at 7. Defendants are correct that the DTA provides "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure. *Cox v. Helenius*, 103 Wash. 2d 383, 388, 693 P.2d 683 (Wash. 1985). A grantor who fails to enjoin a foreclosure may bring a claim for damages asserting common law fraud or misrepresentation, a violation of Title 19 RCW, failure of the trustee to materially comply with the DTA, or a violation of RCW 61.24.026. RCW 61.24.127. However, a grantor who fails to enjoin a foreclosure does not automatically waive all post-sale challenges. *See Albice*, 276 P.3d at 1282-83.[6] Rather, under the DTA, courts apply waiver "only where it is equitable under the circumstances and where it serves the goals of the act." *Id.* at 1283.

Defendants argue that plaintiffs had constructive notice of the notice of trustee's Sale when it was recorded in May 2011. However, the DTA requires that the notice of trustee sale be transmitted by both first-class and either certified or registered mail, return receipt requested, to the borrower and grantor, among others. RCW 61.24.040(b)(i). The DTA also requires a notice of default to be mailed to the borrower or grantor and to be posted on the premises or personally served on the borrower. RCW 61.24.030(8). The court cannot make a determination as to waiver with the record before it at this time. Nevertheless, plaintiff does not make any allegations one way or another with respect to receiving the notices of default or sale.

Defendants also argue that all claims fail because plaintiff cannot unilaterally cancel the note and deed of trust. Dkt. # 15 at 11. Elene-Arp alleges that the cancellation

---

[6] Surprisingly, defendants have not cited to any of the recent Washington Supreme Court decisions addressing the DTA, including *Albice*, which is directly on point with respect to the waiver issue.

is based on RCW 62A.2-106(4) and RCW 19.36.010. RCW 62A.2-106(4) defines cancellation of contracts under the Uniform Commercial Code ("UCC"). However, the UCC is inapplicable to transactions involving real property. With respect to RCW 19.36.010, the court assumes without deciding that the statute of frauds applies to deeds of trust.[7] Nevertheless, RCW 19.36.010 only requires the signature of the party "to be charged therewith . . . ." Here, Elene-Arp is not attempting to enforce the deed of trust against any of the defendants. Rather, the defendants enforced the deed of trust against Elene-Arp, who signed the deed of trust. The court is unaware of any legal authority that would permit a debtor to discharge her obligation simply by recording a notice of cancellation. The court finds as a matter of law that Elene-Arp's attempts to "cancel" her obligation have no legal effect on the deed of trust.

Nevertheless, plaintiffs allege that after the origination, the loan was sold as a mortgage backed security, and that the foreclosing defendant, FNMA, is unable to show that it is the owner of the deed of trust or the note, or was lawfully appointed trustee. Dkt. # 2-1 ¶ 49.a & b. The court is not required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). The documents subject to judicial notice and referred to in the complaint demonstrate that Alliance Mortgage, Inc. was listed as the lender and beneficiary (Dkt. # 4-2 at 20 (Annex 4 to Compl.)), Alliance transferred its beneficial interest in the deed of trust to Countrywide Home Loans in 2000 (Dkt. # 16 (McCormick Decl.), Exs. A-C), who then transferred its beneficial interest to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("BAC") in January 2011 (*Id.*, Ex. D). On the same day, BAC appointed RTC as successor trustee. *Id.*, Ex. E. On May 19, 2011, RTC recorded the Notice of Trustee's sale. *Id.*, Ex. F. On

---

[7] At least one court has applied RCW 19.36.010(2) to a deed of trust. *In re Erickson*, Case No. WW-08-1288JuHMo, 2009 WL 7809013 (9th Cir. BAP 2009).

ORDER- 6

November 8, 2011, Bank of America, N.A., as successor by merger to BAC, assigned its beneficial interest in the deed of trust to FNMA. *Id.*, Ex. G. On the same day, FNMA purchased the property at the trustee's sale. Dkt. # 4-2 at 27 (Annex 4 to Compl.). Plaintiff alleges that none of the defendants have the original note and are not the parties authorized to foreclose. Dkt. # 2-1 (Compl.) ¶ 49.c.

The DTA requires the trustee to "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust." RCW § 61.24.030(7)(a); *see also Bain*, 285 P.3d at 39 (citing trustee's statutory obligation to obtain proof of beneficiary's ownership of the note as element of its duty to the grantor of the deed of trust). Defendants complain that courts across the country, including federal courts in Washington, have rejected "show-me-the-note" arguments. This court recently suggested that in the wake of *Bain*, it is time to retire the reductive "show-me-the-note" meme, at least in cases arising under Washington law. *Knecht v. Fidelity Nat'l Title Ins. Co.*, Case No. C12-1575RAJ, Dkt. # 20 (March 11, 2013); *Beaton v. JPMorgan Chase Bank N.A.*, Case No. C11-872RAJ, 2013 WL 1282225 (W.D. Wash. March 26, 2013). In Washington, proof that the beneficiary holds the note secured by a deed of trust is a statutory requisite to a trustee's sale. RCW § 61.24.030(7)(a). *Bain* similarly highlights the need to demonstrate that the beneficiary holds the note. 285 P.3d at 39 (citing RCW § 61.24.030(7)(a)), at 47-48 ("If the original lender had sold the loan, [it] would need to establish ownership of that loan, either by demonstrating that it actually held the promissory note or by documenting the chain of transactions."). This court reiterates that there is no requirement that a beneficiary or trustee "show the borrower the note." Instead, a trustee must "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust." RCW § 61.24.030(7)(a). Although there are probably many ways to satisfy the statute's proof requirement, the statute itself establishes one way. *Id.* ("A declaration by the beneficiary made under penalty of

ORDER- 7

perjury stating that the beneficiary is the actual holder of the promissory note . . . shall be sufficient proof as required under this subsection.").

However, since plaintiffs' allegations are predicated on her purported cancellation of the deed of trust, which the court has found to be legally ineffective, the court finds that she has not plausibly alleged a violation of the DTA that survives dismissal.[8]

**B. Quiet Title**

An action to quiet title is equitable and designed to resolve competing claims of ownership, and is governed by RCW 7.28.010 *et seq.* *Kobza v. Tripp*, 105 Wash. App. 90, 95, 18 P.3d 621 (2001). "An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." *Id.* A plaintiff must set forth in her complaint "the nature of his estate, claim or title to the property . . . ." RCW 7.28.120. If the action is against a purported lender or otherwise involves a deed of trust, a plaintiff must also allege facts demonstrating they have satisfied their obligations under the deed of trust. *Evans v. BAC Home Loans Servicing LP*, Case No. C10-656RSM, 2010 WL 518394, *4 (W.D. Wash. 2010).

Plaintiff has not alleged sufficient facts to plausibly allege a claim for quiet title.

**C. Fraud**

Elene-Arp makes various conclusory allegations of fraud, but has failed to plead fraud with the requisite particularity pursuant to Fed. R. Civ. P. 9(b). *See Schwartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (complaint must include an account of the

---

[8] The court notes that it appears that Elene-Arp's claims to set aside the trustee's sale, void or cancel the assignment of deed of trust, and wrongful foreclosure are predicated on her purported cancellation of the deed of trust. The court has found the purported cancellation legally ineffective, and the DTA analysis addresses the remaining arguments made by defendants.

ORDER- 8

time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations).

**D. Unjust Enrichment**

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258 (2008). Three elements must be met for an unjust enrichment claim: (1) a benefit conferred upon the defendant by plaintiff, (2) an appreciation or knowledge by the defendant of the benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Id.*

Elene-Arp has not alleged sufficient facts to plausibly allege a claim for unjust enrichment.

**E. CPA**

To prevail on a CPA action, the plaintiff must prove an (1) unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that injures plaintiff in her business or property, and (5) causation. *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1185 (Wash. Feb. 28, 2013) (en banc). A claim under the CPA "may be predicated on a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Id.* at 1187.

Elene-Arp has not alleged sufficient facts to plausibly allege a claim for violation of the CPA. The court notes that simply attaching a consent decree that involves a defendant does not provide the court with any facts about plaintiff's injury, or what the unfair or deceptive act or practice is.

**F. Conclusion**

For all the foregoing reasons, the court GRANTS defendants' motion to dismiss. Dkt. # 15. The court will allow Elene-Arp to amend her complaint.[9] Plaintiffs may file a First Amended Complaint within thirty (30) days of this order. In their amended complaint, plaintiffs should allege facts sufficient to demonstrate a plausible theory of liability against each defendant named in the amended complaint, and plaintiffs should identify by name the defendants against whom each cause of action is asserted.

Dated this 6th day of May, 2013.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

---

[9] The court notes that nothing in the complaint or plaintiffs' opposition has provided the court with a basis to find that Mr. Miller has Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (Article III standing requires plaintiff to demonstrate that (1) they suffered an injury in fact; (2) the injury is traceable to St. Joseph's actions; and (3) the injury can be redressed by a favorable decision). If plaintiffs believe that Mr. Miller has standing, they must allege sufficient facts to demonstrate his standing.